Held & Hines, L.L.P.
2004 Ralph Avenue
Brooklyn, New York 11234
(718) 531-9700
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------------X
RAJIN A. MORTLEY,                                                    Civil Action No.: 1:22-cv-01003

                           Plaintiff,                                      Complaint

    - against –

S&N TOPAZE RESTAURANT, INC., SEYMORE LETTS
and NADINE LETTS,


                           Defendants.
-----------------------------------------------------------------------------X

       Plaintiff RAJIN A. MORTLEY, complaining of the Defendants, S&N TOPAZE RESTAURANT, INC., SEYMORE LETTS and NADINE LETTS, by his attorneys, **HELD & HINES, LLP,** alleges, upon information and belief, that:

### NATURE OF ACTION

       1.     Plaintiff is a former employees of Defendants S&N TOPAZE RESTAURANT, INC., SEYMORE LETTS and NADINE LETTS.

       2.     Defendants own, operate, and/or control two restaurants, located at 1875 Utica Avenue, Brooklyn, New York and 428 East 48th Street, Brooklyn, New York under the name "Topaze Restaurant".

       3.     Upon information and belief, individual Defendants SEYMORE LETTS and NADINE LETTS serve or served as owners, managers, principals, or agents of Defendant

1

corporation and, through the corporate entity, operate or operated the restaurants as a joint or unified enterprise.

4. Plaintiff was employed as a chef at the restaurants located at 1875 Utica Avenue, Brooklyn, New York and 428 East 48th Street, Brooklyn, New York.

5. At all times relevant to this Complaint, Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

6. Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Further, Defendants failed to pay Plaintiff the required "spread of hours" pay for any day in which he had worked over 10 hours per day.

8. Additionally, Defendants repeatedly failed to pay Plaintiff's wages on a timely basis.

9. Defendants also failed to provide Plaintiff with 24 consecutive hours of rest per calendar week.

10. Defendants' conduct extended to other similarly situated employees in addition to Plaintiff.

11. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

12. Plaintiff now brings this action for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the New York Labor Law §§ 161, 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor, codified at NYCRR tit. 12, §146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

14. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate two restaurants located in this district.

## PARTIES

15. At all times hereinafter mentioned, Plaintiff RAJIN A. MORTLEY was and remains a resident of the City and State of New York, County of Kings.

16. Upon information and belief, at all times hereinafter mentioned, Defendant S&N TOPAZE RESTAURANT, INC., was and is a domestic business corporation, existing by virtue of the laws of the State of New York, authorized to do business within the State of New York and engaged in the restaurant and food services industries, with headquarters located in the City and State of New York, County of Kings.

17. Upon information and belief, at all times hereinafter mentioned, Defendant SEYMORE LETTS was and is a principal and/or officer and/or owner of Defendant S&N TOPAZE RESTAURANT, INC.

18. Upon information and belief, at all times hereinafter mentioned, Defendant NADINE LETTS was and is a principal and/or officer and/or owner of Defendant S&N TOPAZE RESTAURANT, INC.

19. Plaintiff was employed by Defendants from approximately August 14, 2013 until approximately June 26, 2021.

20. Defendant SEYMORE LETTS possesses operational control over Defendant corporation, an ownership interest in Defendant corporation, and controls significant functions of Defendant corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21. Defendant NADINE LETTS possesses operational control over Defendant corporation, an ownership interest in Defendant corporation, and controls significant functions of Defendant corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

22. Defendants operate two restaurants located in the City and State of New York, County of Kings.

23. Individual Defendants SEYMORE LETTS and NADINE LETTS possess operational control over Defendant corporation, possess ownership interests in Defendant corporation, and/or control significant functions of Defendant corporation.

24. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25. Each Defendant possessed substantial control over Plaintiff's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff.

26. Defendants jointly employed Plaintiff and are Plaintiff's employers within the meaning of 29 U.S.C. 201 et seq. and the New York Labor Law.

27. In the alternative, Defendants constitute a single employer of Plaintiff.

28. Upon information and belief, individual Defendants SEYMORE LETTS and NADINE LETTS operate Defendant corporation either as an alter ego of themselves and/or fail to operate Defendant corporation as an entity legally separate and apart from themselves, by among other things:

    a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation;

    b) defectively forming or maintaining the Defendant corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

    c) transferring assets and debts freely between all Defendants;

    d) operating Defendant corporation for their own benefit as the sole or majority shareholders;

    e) operating Defendant corporation for their own benefit and maintaining control over the corporation as a corporation;

5

f) intermingling their own assets and debts with those of the Defendant corporation;

g) diminishing and/or transferring assets of Defendant corporation to avoid full liability as necessary to protect their own interests, and

h) taking other actions evincing a failure to adhere to the corporate form.

29. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

30. Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff's services.

31. In each year from 2013 to 2021, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that were separately stated by Defendants).

32. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce (*e.g.*, numerous items that were used in the restaurant on a daily basis were goods produced outside of the State of New York).

33. Plaintiff RAJIN A. MORTLEY was employed by Defendants from approximately August 14, 2013 until approximately June 26, 2021.

34. Defendants employed Plaintiff as a chef.

35. Plaintiff regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

36. Plaintiff's work duties required neither discretion nor independent judgment.

37. Throughout his employment with Defendants, Plaintiff regularly worked in excess of 40 hours per week.

38. From approximately August 14, 2013 until approximately June 26, 2021, Plaintiff worked at the Topaze Restaurants 7 days a week (typically 56 hours per week), without being provided 24 consecutive hours of rest per calendar week.

39. From approximately August 14, 2013 until approximately June 26, 2021, Defendants paid Plaintiff a fixed salary of $300 per week by check and $260 per week in cash.

40. Plaintiff's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

41. Plaintiff was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

42. Defendants did not give any notice to Plaintiff of his rate of pay, employer's regular pay day, and such other information as required by New York Labor Law §195(1).

43. Defendants did not provide Plaintiff with an accurate statement of wages, as required by New York Labor Law §195(3).

44. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation, as required by federal and state laws.

45. Plaintiff was a victims of Defendant's common policy and practices that violated his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours that he worked.

46. Defendants' pay practices resulted in Plaintiff not receiving payment for all his hours worked, and resulted in Plaintiff's effective rate of pay falling below the required minimum wage rate.

47. Defendants habitually required Plaintiff to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

48. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

49. Defendants paid Plaintiff part of his wages in cash.

50. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and New York Labor Law.

51. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for his full hours worked.

52. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and New York Labor Law.

53. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff.

54. Defendants failed to provide Plaintiff with accurate wage statements at the time of his payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and

basis thereof; whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by New York Labor Law.

55. Defendants failed to provide Plaintiff, at the time of hiring and on or before February 1st of each subsequent year, a statement in English and the employee's primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law § 195(1).

## **FIRST CAUSE OF ACTION**

## **VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

56. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" to "55" above as if set forth in full herein.

57. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plainitff, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for his employment.

58. At all times relevant to this action, Defendants were engaged in interstate commerce or in an industry or activity affecting interstate commerce.

9

59. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r-s).

60. Defendants failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

61. Defendants' failure to pay Plaintiff at the applicable minimum hourly rate was willful, within the meaning of 29 U.S.C. § 255(a).

62. Plaintiff was thereby damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

63. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" to "62" above as if set forth in full herein.

64. Defendants, in violation of 29 U.S.C. § 207(a)(l), failed to pay Plaintiff overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

65. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

66. Plaintiff was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

67. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" to "66" above as if set forth in full herein.

68. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the New York Labor Law §§ 2 and 65.

69. Defendants, in violation of New York Labor Law § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff less than the minimum wage.

70. Defendants' failure to pay Plaintiff the minimum wage was willful within the meaning of New York Labor Law § 663.

71. Plaintiff was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW

72. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" to "71" above as if set forth in full herein.

73. Defendants, in violation of New York Labor Law §§ 190 *et seq.* and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff overtime compensation at the rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

74. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of New York Labor Law § 663.

75. Plaintiff was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

76. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" to "75" above as if set forth in full herein.

77. Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours exceeded ten hours, in violation of New York Labor Law §§ 650 *et seq.* and 12 NYCRR § 146-1.6.

78. Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful within the meaning of New York Labor Law § 663.

79. Plaintiff was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

80. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" to "79" above as if set forth in full herein.

81. Defendants willfully failed to provide Plaintiff with a written notice, in English and in his primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different, and the telephone number of the employer, as required by New York Labor Law § 95(l).

82. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OT THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW

83. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" to "82" above as if set forth in full herein.

84. With each payment of wages, Defendants willfully failed to provide Plaintiff with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; whether paid by the hour, shift, day, week, salary, piece, commission. or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by New York Labor Law § 195(3).

85. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS OF THE NEW YORK
### STATE LABOR LAW

86. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" to "85" above as if set forth in full herein.

87. Defendants willfully did not pay Plaintiff timely on a regular weekly basis, in violation of New York State Labor Law § 191.

88. Plaintiff was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## VIOLATION OF THE "DAY OF REST" PROVISION OF THE NEW YORK STATE LABOR LAW

89. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" to "88" above as if set forth in full herein.

90. Defendants willfully failed to provide Plaintiff with 24 consecutive hours of rest per calendar week, in violation of New York State Labor Law § 161.

91. Plaintiff was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants as follows:

(a) Declaring that Defendants violated the minimum wage provisions and associated rules and regulations of the FLSA as to Plaintiff;

(b) Declaring that Defendants violated the overtime wage provisions and associated rules and regulations of the FLSA as to Plaintiff;

(c) Declaring that Defendants violated the recordkeeping requirements and associated rules and regulations of the FLSA as to Plaintiff with regard to Plaintiff's compensation, hours, wages and any deductions or credits taken against wages;

(d) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff;

(e) Awarding Plaintiff damages for unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable, pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the New York Labor Law as to Plaintiffs;

(h) Declaring that Defendants violated the overtime wage provisions of and rules and orders promulgated under the New York Labor Law as to Plaintiff;

(i) Declaring that Defendants violated the spread-of-hours requirements of the New York Labor Law and supporting regulations as to Plaintiff;

(j) Declaring that Defendants violated the timely payment provisions of the New York Labor Law as to Plaintiff;

(k) Declaring that Defendants violated the notice and recordkeeping requirements of the New York Labor Law with respect to Plaintiff's compensation, hours, wages and any deductions or credits taken against wages;

(l) Declaring that Defendants violated the "day of rest" provision of the New York Labor Law;

(m) Declaring that Defendants' violations of the provisions of the New York Labor Law and spread of hours wage order were willful as to Plaintiff;

(n) Awarding Plaintiff damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the New York Labor Law as applicable;

(o) Awarding Plaintiff damages for Defendants' violation of the New York Labor Law notice and recordkeeping provisions, pursuant to New York Labor Law §§ 198(1-b) and 198(1-d);

(p) Awarding Plaintiff damages for Defendants' violation of the New York Labor Law timely payment provisions, pursuant to New York Labor Law § 191;

(q) Awarding Plaintiff damages for Defendants' violation of the New York Labor Law "day of rest" provisions, pursuant to New York Labor Law § 161;

(r) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100 %) of the total amount of minimum wage compensation, overtime compensation and spread of hours pay shown to be owed pursuant to New York Labor Law § 663 as applicable, and liquidated damages pursuant to New York Labor Law § 198(3);

(s) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(t) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

(u) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by New York Labor Law § 198(4); and

(v) For such other and further relief that this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: Brooklyn, New York
February 24, 2022

                                      Held & Hines, L.L.P.
                                      By: *Jack Angelou*
                                      Jack Angelou
                                      2004 Ralph Avenue
                                      Brooklyn, New York 11234
                                      Tel. (718) 531-9700
                                      jackangelou@heldhines.com
                                      *Attorneys for Plaintiff*